IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

KEVIN MURPHY,
Plaintiff,

V. C. A. No. 07- 57S

Town of Cumberland, et al
Defendant.

# PLAINTIFF'S RULE 16 STATEMENT

Plaintiff seeks relief, damages, and Writ of Mandamus for the issuance of a Certificate of Occupancy stemming from the wrongful acts and omissions of defendants; in improperly and unequally assessing an Impact Fee of Three Thousand One Hundred Thirty Nine dollars and seventy six cents ($3,139.76) in violation of Mr. Murphy's due process rights, failing to issue said Certificate, and threatening the plaintiff with fines and imprisonment.

## Factual Summary

In 2004, Kevin J. Murphy, a resident of the Town of Cumberland, applied for a building permit to construct a single family home on property he owned, located at 17 Little Pond Country Road in the Town of Cumberland. Said application was accepted by Town of Cumberland Building Official on February 3rd 2005.

At the time Mr. Murphy submitted his application, and throughout the building and permit inspection process, neither he nor any of his agents were told or received any notice that the property was subject to an impact fee, nor did he or any of his agents receive formal notice as required under the Impact Ordinance. To the contrary, Mr. Murphy and his agents were repeatedly told by the building official, planning director, and town clerk that his property would not be subject to any impact fee.

Mr. Murphy is a distinct member of 39 property owners, as stated by the former building official, whom were never notified that they would be subject to an impact fee. Said official also stated that there are some within those 39 property owners who applied for and received Certificates of Occupancy without being charged an impact fee. To the date of this complaint; no notice of assessment has been given by the Town of Cumberland to Mr. Murphy.

The Town Ordinance in effect when Murphy was granted a building permit was defective, as the notice and collection dates are incorrect. The Town Council retained outside counsel to address the issue in April of 2006 and to date has not acted to correct the Ordinance.

Mr. Murphy exhausted his administrative remedies, as per the Ordinance; he was denied at a waiver hearing before the Town Council in January of 2007. Plaintiff filed a complaint for relief in the RI Superior Court. Prior to the Defendant removing the matter to the Rhode Island Federal District Court, the Town of Cumberland issued a ***conditional***

Certificate of Occupancy and a formal letter of apology. The Town however, still is requiring Mr. Murphy to pay an improper impact fee.

## Legal Issues

Jurisdiction for this Complaint for a Writ of Mandamus is pursuant to R.I.G.L. §8-2-16 and the Rhode Island Superior Court Rules of Civil Procedure, Rule 81. NO Notice of assessment was ever given to Mr. Murphy as required by the Town of Cumberland Impact Ordinance.

The Plaintiff requests this Honorable Court to:

1. Issue a Writ of Mandamus to the Town of Cumberland Building Official to issue an unconditional Certificate of Occupancy to Mr. Kevin J. Murphy.

2. To Grant attorney fees, costs, and such other relief as this Honorable Court deems fair and just.

3. Award Plaintiffs counsel fees and costs, pursuant to 42 U.S.C. §§ 1983 and 1988.

Respectfully Submitted,

K. Joseph Shekarchi, Esq. (#4493)
Shekarchi Law Associates
33 College Hill Rd.
Warwick, RI 02886
T: (401) 827-0100
F: (401) 823-1400
Joe@Shekarchilaw.com

I herby certify that a true and correct copy of the foregoing was sent via U. S. mail, fax, and e-mail on this 9th day of March 2007 to the following: Marc DeSisto, Esq. DeSisto Law at: 211 Angell Street. PO Box 2563 Providence RI 02906, marc@desistolaw.com fax: 401-272-9937 and hand delivered to the Clerk of the RI District Court.

______________________